IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-088-F

| | | |
|---|---|---|
| BARBARA L. CHRISTMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| NATIONWIDE MUTUAL INS. CO. | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

This matter comes before the Court upon Plaintiff's Motion to Quash Subpoena (DE. 29). The motion seeks to quash Defendant's Subpoena Duces Tecum that was served on Plaintiff's former counsel, George N. Hamrick, and seeks to obtain:

> A copy of all records, including but not limited to correspondence, forms, loan documents, foreclosure documents, applications and/or computer records pertaining to Barbara L. Christmas and/or the property located at 201 Allen St. in Franklinton, North Carolina.

DE 29-1. Plaintiff moves to quash the subpoena claiming the information is protected by the attorney-client privilege and the work-product doctrine.

Rule 45 of the Federal Rules of Civil Procedure provides that where a party claims privilege or protection regarding a subpoena, the party must:

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

FRCP 45(d)(2)(A). Rule 26(b)(5)(A), governing the withholding of information under a claim of privilege or protection in discovery, is essentially identical.

A party claiming privilege or protection has the burden of establishing the privilege or protection by producing a privilege log or an affidavit evidence establishing the privilege or protection. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). The party withholding a document under a claim of privilege "must specifically and factually support its claim of privilege 'by way of evidence, not just argument.'" *SNC–Lavalin Am., Inc.*, No. 7:10-CV-0540, 2011 WL 4716225, at *2 (W.D. Va. Oct. 6, 2011) (quoting *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust*, 230 F.R.D. 398, 410 (D. Md. 2005)).

A privilege log submitted in conjunction with a claim that subpoenaed documents are protected by privilege should identify each document and the individuals who are parties to the communications as well as provide sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. *See Kelly v. U.S.*, No. 7:10–CV–172–FL, 2012 WL 874829, at *6 (E.D.N.C. Mar. 14, 2012) ("When a party relies on a privilege log to assert these privileges [i.e., attorney-client privilege and work product protection], the log must 'as to each document ... set [ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y.1993)); *ePlus Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 252 (E.D. Va. Feb. 21, 2012) ("[T]he descriptions in the log must satisfy the claiming party's burden.") (quoting *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 272 (E.D. Va. 2004)).

A review of the docket in this matter indicates that a privilege log related to the subpoena has not been filed. Although it is generally claimed that the documents sought fall within the scope of attorney work-product or attorney-client privilege, it in unclear how some of the requested documents, including loan and foreclosure documents, would fall within these protections. Inasmuch as Plaintiff has not presented sufficient information regarding nature of materials in possession of Mr. Hamrick to which she asserts the claims of attorney-client privilege and attorney work-product, in the absence of a detailed privilege log, such privileges cannot serve as a basis to quash subpoena.

Moreover, it was the Court's understanding that all discovery issues had been settled at the August 21, 2013 discovery conference. Although the present motion was not filed at the time the conference was set, it had been filed prior to the conference. That the use the discovery conference to address the present motion would not only be efficient and but also conserve judicial economy should not need to be stated. Consequently, the parties are to advise the Court by the close of business on August 30, 2013 why this issue was not resolved at that time.

Accordingly, the motion to quash (Doc. 29 ) is DENIED WITHOUT PREJUDICE. Additionally, the parties are to submit a report by 5:00 p.m. on August 30, 2013 why this issue was not resolved at the earlier discovery conference.

SO ORDERED in Chambers at Raleigh, North Carolina on August 29, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE